CLARA B. BARKER, APPELLEE, V. A. W. BARKER ET
AL., APPELLANTS.

[FILED JUNE 27, 1889.]

1. **Husband and Wife:** DEED BY WIFE: FALSE REPRESENTA-
TIONS. A husband and wife being in possession of a homestead
which was heavily mortgaged, and the husband, being sick and
about to die, executed a quit-claim deed of said homestead to
his brother for the purpose of enabling him to settle up the estate
without expense. The wife at first refused to sign the deed,
alleging that it would deprive her of her rights in the estate,
but upon the assurance of persons employed by the grantee to
procure the deed, in effect that she would lose none of her rights
thereby, she was induced to sign and acknowledge the deed.
*Held,* That the grantee was bound by the representations of the
persons obtaining the deed for him.

2. **Jurisdiction.** The district court and not the county court has
jurisdiction to set aside a deed obtained by false representations.

APPEAL from the district court of Greeley county. Heard
below before TIFFANY, J.

*H. G. Bell,* and *G. C. Wright,* for appellants.

*T. J. Doyle,* and *M. Randall,* for appellee.

MAXWELL, J.

This is an action brought by the plaintiff against the
defendant to require a reconveyance of certain premises.
On the trial of the cause the court rendered a decree as
follows.

"Now on this the 18th day of April, 1888, being the
third day of the term hereof, this cause came up for hear-
ing, and after hearing the evidence and argument of counsel
the court finds that the signature of the plaintiff, Clara B.
Barker, was obtained by undue influence and that the same

was not signed by her own voluntary act. It is therefore ordered and decreed by the court that said deed as to plaintiff be set aside and held for nought, and that all rights and privileges of the plaintiff attach to the following described premises, to-wit: "The south half of the southwest quarter of section twelve, township eighteen, range twelve west, in Greeley county, Nebraska, and that the defendants pay the costs of their action, taxed at $...... And the court further finds that the signature of deceased was genuine and voluntary, with leave to plaintiff to apply for further order herein at next term."

The testimony tends to show that the plaintiff is the widow of Bradley B. Barker, a brother of A. W. Barker, defendant; that on or about the 26th day of January, 1887, said Bradley B. Barker died; that less than two days before his death he made a will, under the provisions of which the plaintiff was to receive $100; that on the next day after the will was signed it was submitted to an attorney of the defendant, who then suggested that the defendant procure a deed from Bradley and wife. The defendant was present in the law office of the attorney referred to and understood the purpose of such attorney to procure for him a deed for the premises in question from the plaintiff and her husband, but seems, if the testimony is to be believed, to have taken no part in the discussion of the matter. The estate was heavily encumbered, all the personal property being covered with chattel mortgages and the real estate by mortgages to a considerable amount. The land in question was the homestead. Bradley B. Barker had three children by a former marriage, the oldest, at the time of his death, being about sixteen years of age and the youngest about nine years. The plaintiff and said Bradley at the time of his death had been married about thirteen months, and had one child then about three months old. A considerable portion of the debts owing by the estate seem to have been due to defendant, A. W. Barker.

On the night preceding the death of Bradley the deed in question was presented to him to sign, and he signed the same, apparently to prevent expense in settling the estate. The plaintiff then refused to sign the same, but after considerable delay, and it being represented to her that the object was to avoid settling the estate in the probate court and thereby save expense, and that she would lose none of her rights, she was induced to sign the deed. It is true that the testimony fails to show that A. W. Barker made any such representations, but they were made by persons employed by him to procure the deed, and so far as the legal effect is concerned are the same as if made by him. The finding of the trial court, therefore, is correct. It is evident, too, that defendant, A. W. Barker, is not the owner of this in fee, free from the trust. He took the title as trustee for the creditors of the estate, the surplus to go to the persons entitled to distribution; and no doubt he is accountable for the proper application of the property.

Some objection is made to the jurisdiction of the court it being claimed that the county court had jurisdiction, but such is not the case. The district court alone has jurisdiction in such matters. Upon the whole case it is apparent that the judgment is right and it is affirmed.

JUDGMENT AFFIRMED.

The other Judges concur.